NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES OLIVETTE EZELL,<br><br>Appellant,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Appellee. | Civil Action No. 22-7404 (RK)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on an appeal by pro-se Appellant James Olivette Ezell ("Appellant" or "Mr. Ezell") of the Bankruptcy Court's Letter Decision dated December 7, 2022 ("Letter Decision", Bankr. ECF No. 85) (*In re James Ezell*, No. 22-10627 (Bankr. D.N.J. Dec. 7, 2022)) and related Order ("Order", Bankr. ECF No. 86) holding that the Bankruptcy Court would "PERMISSIVELY ABSTAIN from all matters relating to the PHH Mortgage Company ("PHH")." Appellant timely appealed, and soon thereafter filed a supporting brief on January 25, 2023 (ECF No. 4) challenging the Bankruptcy Court's decision to abstain. PHH filed its brief in opposition on February 23, 2023 (ECF No. 5). After careful consideration of the parties' submission and for the reasons set forth below, the Court **DENIES** Mr. Ezell's appeal and **AFFIRMS** the Bankruptcy Court's decision.

I.  **BACKGROUND**

Appellant owns the real property located at 1112 Monroe Avenue, Asbury Park, New Jersey (the "Property").[1] This Property is allegedly secured by a mortgage held by PHH Mortgage Corporation ("PHH") on behalf of Wells Fargo Bank, National Association ("Wells Fargo").[2] On October 12, 2016, PHH filed a foreclosure action in New Jersey Superior Court, and a default against Mr. Ezell was entered on June 11, 2021. On August 5, 2021, Mr. Ezell moved to vacate the default judgment and filed an answer and counterclaims. Mr. Ezell subsequently filed a Chapter 13 bankruptcy action in federal court on January 26, 2022, which stayed the state foreclosure action. PHH filed a proof of claim ("POC") in the amount of $377,195.99 on February 14, 2022. As the issues before the Court are discrete, the Court will only discuss facts relevant to the appeal and not the underlying foreclosure action.

Between May 19 and November 1, 2022, Mr. Ezell filed seven (7) motions — a number of them purportedly "emergent" — disputing the POC's validity, the underlying mortgage and assignment thereof and Wells Fargo's standing to pursue relief.[3] Notwithstanding the serial filings,

---

[1] Unless otherwise noted, the facts underlying this appeal derive from Judge Gravelle's Letter Decision at 1–8.

[2] Wells Fargo Bank, National Association is "successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee f/k/a Norwest Bank Minnesota, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-OSI".

[3] The motions read as follows: (1) "Motion for Clarity and Objection to Proof of Claim" [ECF 37]; (2) "Emergent Motion Objecting to Claimant's 2-1 Motion for Lifting Automatic Stay and Motion to Strike the Claimant's 2-1 Motion for Lifting of Automatic Stay and Motion to Dismiss the Claim for Failure to State a Claim and Motion for Summary Judgment" [ECF 50]; (3) "Emergent 42 US Code 1983- Civil Action for Deprivation of Rights" [ECF 51]; (4) "Amended Motion in support of 'Emergent Motion Objecting to Claimant's 2-1 Motion for Lifting Automatic Stay and Motion to Strike the Claimant's 2-1 Motion for Lifting of Automatic Stay and Motion to Dismiss the Claim for Failure to State a Claim and Motion for Summary Judgment'" [ECF 53]; (5) "Supplemental Motion and Brief to Amend Objection to POC 2-1 and for Summary Judgment to Dismiss Proof of Claim" [ECF 55]; (6) "Motion for Exemplified Records Request from Office of Foreclosure, New Jersey and State Judiciary" [ECF 57- since resolved]; and (7) "Motion for an Order Directing the Clerk to Sign Subpoenas" [ECF 72; Adv. Pro. ECF 8]. (Letter Decision at 4.)

the Bankruptcy Court noted that "Mr. Ezell is entitled to be heard on the issues raised." The sole issue at bar is the Bankruptcy Court's analysis and decision to invoke the permissive abstention doctrine to allow the state court, which stayed its foreclosure action, to determine the validity of the POC. As the Bankruptcy Court observed:

> This is not a finding that the POC is valid, or that PHH and/or Wells Fargo have standing to pursue Mr. Ezell on the mortgage, either in bankruptcy or in the Foreclosure Case. This is merely a determination as to which venue is more appropriate for those arguments to be heard.

(Letter Decision at 2.) On August 25, 2022, the Bankruptcy Court issued an Order to Show Cause ("OTSC") relating to permissive abstention concerning "PHH's Proof of Claim 2-1 and the validity of the PHH Lien." The parties filed respective briefing on the issue, and on November 29, 2022, the Bankruptcy Court held a hearing on the OTSC.

After giving the parties notice and an opportunity to be heard, on December 7, 2022, the Honorable Christine M. Gravelle issued a seventeen-page decision and related order permissively abstaining pending the state court's adjudication of the "matters relating to the PHH Mortgage Corporation." (Bankr. ECF No. 86 at 2; *see also* Bankr. ECF No. 85.) Mr. Ezell filed the instant appeal shortly thereafter, arguing that the Bankruptcy Court's decision to permissively abstain violates his constitutional rights, specifically the First, Fourth, Fifth, Sixth and Fourteenth Amendments. (*See* ECF No. 4 at 1, 9.)

II.  **LEGAL STANDARD**

28 U.S.C.A. § 158(a)(1) grants a district court jurisdiction "to hear appeals from final judgments, orders and decrees" of a bankruptcy court. A bankruptcy court's decision to abstain is a final judgment appealable under 28 U.S.C.A. § 158(a)(1). *See In re BWP Gas, LLC*, 354 B.R. 701, 705 (E.D. Pa. 2006) (citing *In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 388–89

(3d Cir. 2002)). The standard of review of bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (Bankr. D.N.J. 2005). District courts review the bankruptcy court's decision to abstain under an abuse of discretion standard. *See Wright v. Trystone Cap. Assets, LLC*, No. 20-CV-15017, 2021 WL 3561218, at *2 (D.N.J. Aug. 12, 2021) (citing *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998)); *In re G-I Holdings Inc.*, No. 01-30135, 2017 WL 1788656, at *14 (D.N.J. May 5, 2017).

## III.  DISCUSSION

The sole issue on appeal concerns whether the Bankruptcy Court abused its discretion in permissibly abstaining from matters relating to PHH. 28 U.S.C.A. § 1334(c)(1) permits "a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, [to] abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[4] This statute "manifests federal respect for State law and policy." *G-I Holdings Inc.*, 2017 WL 1788656, at *12 (quoting (*In re Pan American Corp.*, 950 F.2d 839, 846 (2d Cir. 1991)). However, because "appeals of [district court] decisions involving permissive abstention, whether or not the court abstains, are barred" (*In re Seven Fields Dev. Corp.*, 505 F.3d 237, 249 (3d Cir. 2007)), the Third Circuit "has never explicitly delineated factors that courts should consider in this context." *G-I Holdings*, 2017 WL 1788656, at *13. "As such, district courts

---

[4] While mandatory abstention may only be raised on motion by a party, a bankruptcy court may *sua sponte* raise and consider permissive abstention. *See In re LTC Holdings, Inc.*, 587 B.R. 25, 30 (Bankr. D. Del. 2018). Bankruptcy courts, while not required in this Circuit, typically grant the parties notice and an opportunity to be heard. *See In re Tonopah Solar Energy, LLC*, No. 20-11844, 2022 WL 958117, at *8 (D. Del. Mar. 30, 2022). As noted above, the Bankruptcy Court allowed briefing and a hearing on the OTSC.

4

in this circuit have not approached this type of analysis uniformly." *Monmouth Inv., LLC v. Saker*, No. CIV.09-3063, 2010 WL 143687, at *4 (D.N.J. Jan. 12, 2010).

Judge Gravelle applied a rigorous twelve-factor test in determining whether to permissively abstain adhered to by other courts in this district. *See Wright*, 2021 WL 3561218, at *2–3 (citing *G-I Holdings*, 2017 WL 1788656, at *13). However, "not all factors necessarily need to be considered," and courts may "apply the factors flexibly" depending on the facts and issues of the case at hand. *G-I Holdings*, 2017 WL 1788656, at *13 (citations and quotation marks omitted). Further, no one factor is outcome determinative. *Id.*; *see also In re Barsan Contractors*, No. 04-12362, 2010 WL 3907116, at *7 (D.N.J. Sept. 30, 2010) (noting the various factors involved in this determination "simply serve to highlight the high degree of discretion inherent in the Bankruptcy Court's authority to exercise permissive abstention under Section 1334(c)").

Here, the Bankruptcy Court faithfully and methodically applied the twelve-factor test:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

(Letter Decision at 8–9 (quoting *In re G-I Holdings, Inc.*, 580 B.R. 388, 423 (Bankr. D.N.J. 2018).)

The Bankruptcy Court succinctly summarized this case, stating:

> Looking at the totality of the bankruptcy case, it appears that the filing is not to reorganize debts, but to provide Mr. Ezell with an alternate forum to litigate state-law foreclosure issues. There is little bankruptcy purpose here. This was one of the Court's main concerns in raising the issue of permissive abstention and goes to the core of almost all of the factors to analyze appropriateness.

(Letter Decision at 10.)

Judge Gravelle applied the above factors to the case at bar. *First*, the Court explained that "the first factor weighs in favor of abstention," as there would be "little effect on the administration of the case if the Court abstains" because Mr. Ezell "can try the Foreclosure Case in the state court." (*Id.* at 10–11.) *Second*, the Bankruptcy Court determined that the second factor, concerning the prevalence of state law issues, proved "one of the primary reasons supporting this Court's decision to abstain," as "the vast majority of the substantive authority [regarding the filing of proof of claims] derives from state law" on which "[t]he state court is better situated to make determinations." (*Id.* at 11.) Similarly, the Bankruptcy Court concluded that the third factor, the "difficulty or unsettled nature of the applicable state law . . . weighs in favor of permissive abstention" because "[t]he state court dedicates a division of its office to foreclosure proceedings. It is a court that specializes in foreclosure matters" and "sees these arguments far more than the bankruptcy court." (*Id.* at 11-12.) In addition, the fourth and fifth factors weighed in favor of abstention because "the existing Foreclosure Case is a related proceeding in a court that exercises jurisdiction in foreclosure cases in the normal course." (*Id.* at 12.) Importantly, factor ten (10) — whether the case involves forum shopping by a party — proved "extremely persuasive to the Court [as] there is very little reason for the bankruptcy case except to challenge the secured claims," (*Id.* at 14), and to avoid the state court, which Mr. Ezell alleged had "initiated the illegal seize disguised as a foreclosure" against him (ECF No. 4 at 3).

The Court considered arguments and factors against abstention. For example, factors six (6) and seven (7) provided Mr. Ezell his "strongest argument against abstention" as the "resolution of objections to proofs of claims is clearly a core matter which may be decided by the bankruptcy court." (Letter Decision at 12.) Notwithstanding, the Bankruptcy Court explained that "[t]he twelve-factor rest compels a court to examine the substance rather than the form of such a proceeding in making a determination" and "there is nothing preventing Mr. Ezell from raising the same objections . . . within the context of the Foreclosure case." (*Id.* at 12-13.) Finally, factors nine (9), eleven (11) and (12) — the burden on the court's dockets, the right to a jury trial and the presence of third parties, respectively — "may weigh in favor of retaining jurisdiction." (*Id.*) After considering these factors, the Bankruptcy Court concluded that permissive abstention was warranted. (*Id.* at 14.)

The Court finds that the Bankruptcy Court did not abuse its discretion in deciding to permissively abstain. Judge Gravelle considered the exhaustive twelve-factor test outlined in *G-I Holdings, Inc.*, and the Court finds no error in its application of this test. As explained above, courts may apply "the factors flexibly" and "not all factors necessarily need to be considered." *G-I Holdings*, 2017 WL 1788656 at *13 (citations and quotation marks omitted). Given that the primary dispute between Mr. Ezell and PHH relates to the underlying foreclosure proceedings and default judgment entered against him in state court, there was no abuse of discretion in finding that abstention was warranted pending the resolution of those proceedings. Indeed, the state court is better equipped to decide such foreclosure matters, which rest on state law and may deal with unsettled areas of same. (*See* Letter Decision at 10-11.) Accordingly, the Court finds no basis to disturb Judge Gravelle's well-reasoned decision to abstain.

Appellant's principal opposition relies almost exclusively on the underlying merits of the POC and not the application of the twelve abstention factors discussed herein. (*See* ECF No. 4 at 3-9.) While Appellant correctly notes that 28 U.S.C. § 1334(b) does confer "original and exclusive jurisdiction" of bankruptcy matters to federal courts, he disregards the fact that 28 U.S.C.A. § 1334(c)(1) permits federal courts to abstain as a matter of comity under the circumstances described herein.

The Court finds no deprivation — constitutional or otherwise — in abstention, since Mr. Ezell may present each of his arguments against foreclosure in state court. Notwithstanding that resolving proof of claims is a core bankruptcy matter, this Court agrees with the Bankruptcy Court's decision that Mr. Ezell's objections are preserved and may be raised in state court. *See Tonopah Solar Energy*, 2022 WL 958117, at *10 (noting that while Appellant's claim was a core bankruptcy proceeding, the substance of Appellant's argument was to litigate the state law claim).

Accordingly, this Court holds that the Bankruptcy Court did not abuse its discretion to permissively abstain from matters relating to PHH.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision is AFFIRMED, and the appeal under Case Number 22-7404 is DISMISSED. The Court will issue an Order consistent with this Memorandum Opinion.

                                                                                                                                                                                    */s/ Robert Kirsch*
                                                            **ROBERT KIRSCH**
                                                            **UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: August 8, 2023